UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAZARITO GODOY and MADI L.
OTERO PEREZ

    Plaintiffs,

v.                                                        Case No: 8:19-cv-435-T-36AAS

ROBERTSON, ANSCHUTZ & SCHNEID,
P.L. and OCWEN LOAN SERVICING,
LLC,

    Defendants.
_____/

## **ORDER**

      This matter comes before the Court upon Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss Plaintiffs' Lazarito Godoy and Madi L. Otero Perez's Amended Complaint (Doc. 13), and Plaintiffs' response thereto (Doc. 16). In the motion, Defendant Robertson, Anschutz & Schneid, P.L. ("RAS") argues that Plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") and Florida's Credit Consumer Practices Act ("FCCPA") should be dismissed for failure to meet the pleading standard of Federal Rule of Civil Procedure 8. Doc. 13 at 4-7. Additionally, RAS moves to dismiss Plaintiffs' FDCPA claims because foreclosure does not constitute a debt collection activity under the FDCPA. *Id.* at 7-9. Finally, RAS argues that Plaintiffs' FCCPA claims are barred by Florida's litigation privilege. *Id.* at 9-11. The Court, having considered the motion and being fully advised in the premises, will deny RAS' Motion to Dismiss.

**I.**     **BACKGROUND**

      Plaintiffs, Lazarito Godoy and Madi L. Otero Perez, sue Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and Roberson, Anschutz & Schneid, P.L. ("RAS"), for violating the

Federal Fair Debt Collection Practices Act, 15 U.S.C. § *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA") by engaging in improper debt collection efforts against Plaintiffs in connection with Plaintiffs' homesteaded property. Doc. 7. Ocwen answered the Amended Complaint, and RAS filed the instant Motion to Dismiss. Docs. 13, 20.

Plaintiffs allege in the Amended Complaint that on or about October 25, 2018, Defendants sent Plaintiffs a pay-off-demand (the "Pay-Off Demand") seeking to collect amounts that are either overstated, overinflated, illegal, or otherwise not permitted by applicable law or the underlying agreement between the parties. Doc. 7 ¶ 11. Plaintiffs claim that such amounts include but, are not limited to, overstated and overinflated late fees and escrow amounts, as well as attorneys' fees and court costs from a previous foreclosure case against Plaintiffs in which Defendants were not the prevailing party. *Id.* ¶ 11-12.

Plaintiffs attached a copy of the Pay-Off Demand to their Amended Complaint. Doc. 7-1. In the Pay-Off Demand, RAS explains that it represents the lender for Plaintiffs' loan and it was acting as a debt collector trying to collect a debt. *Id.* at 1. The Pay-Off Demand further explains that it is a response to Plaintiffs' request for a payoff figure, and indicates the amount due to pay off the loan, as well as the amount of interest accruing over the seven days following the letter. *Id.* A description and breakdown of the charges was attached to the Pay-Off Demand. *Id.* at 2. The listed charges included litigation fees and attorneys' fees. *Id.*

On the same date, RAS sent a reinstatement letter, that contained the same general information, but provided the amounts required for Plaintiffs to reinstate their loan. *Id.* at 7. The description of charges for the reinstatement amount also included litigation and attorneys' fees. *Id.* at 8.

Based on these allegations, Godoy alleged one claim against RAS for violation of the FDCPA and one count against RAS for violation of the FCCPA. *Id.* ¶¶ 39-62. Perez alleged separate claims against RAS for violation of the FDCPA and FCCPA. *Id.* ¶¶ 87-110. In the FDCPA claims, Plaintiffs allege that by sending the Pay-Off Demand, RAS violated 15 U.S.C. § 1692(e)(2) and (10) because it falsely represented the character, amount or legal status of a debt, and used false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer. *Id.* ¶¶ 45, 93. Additionally, Plaintiffs contend that RAS violated 15 U.S.C. § 1692(f)(1) by attempting to collect amounts that were not expressly authorized by the agreement creating the debt or permitted by law. *Id.* ¶¶ 46, 94. With respect to Plaintiffs claims under the FCCPA, Plaintiffs allege that RAS' demand for payment in the Pay-Off Demand violated section 559.72(9) of the Florida Statutes because RAS knew that the debt was not legitimate. *Id.* ¶¶ 58, 108.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

### A. FDCPA

Counts III and VII are claims under the FDCPA. "The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses, or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." *Dash v. Midland Funding LLC*, No. 8:16-CV-2128-T-36AAS, 2017 WL 841116 (M.D. Fla. Mar. 3, 2017). The FDCPA states, in relevant part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2) The false representation of—
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received
>        by any debt collector for the collection of a debt.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to
>     collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. The FDCPA further states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including by "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). The Eleventh Circuit has "adopted a 'least-sophisticated consumer' standard to evaluate whether a debt collector's conduct is 'deceptive,' 'misleading,' 'unconscionable,' or

4

'unfair' under [§§ 1692e and 1692f]." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014).

To state a claim under the FDCPA, a plaintiff must allege that "(1) [he or she] has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). RAS does not dispute the second element, but disputes whether it engaged in collection activity and whether it committed an act or omission prohibited by the FDCPA.

### 1. Debt Collection Activity

RAS argues that Plaintiffs fail to state a claim under their FDCPA counts because foreclosure is not debt collection in the Eleventh Circuit. Doc. 13 at 7-8. RAS contends that the Pay-Off Demand letters "were sent during, and were intrinsically related to, the foreclosure action," that they were "directed toward the resolution of the foreclosure action in which [the lender] sought only to foreclose on the mortgage lien," that they "d[id] not identify or represent an independent monetary obligation," and that they were no more than a communication of how Plaintiffs could "resolve the foreclosure action by reinstating the loan and avoiding foreclosure." *Id.* at 8.

Indeed, actions taken to enforce a security interest, such as foreclosing a mortgage, fall outside of the FDCPA. *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009). However, pursuant to well established Eleventh Circuit law, a communication may serve more than one purpose, and simply because a communication relates to a foreclosure action does not mean that it is also subject to the FDCPA. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) (stating that even if a letter was intended to give

5

borrowers notice of the foreclosure, it could also demand payment of the underlying debt rendering it subject to the FDCPA). In other words, "[t]he fact that [a] letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e." *Id.*

Moreover, the Eleventh Circuit has explained that "litigating activities of debt-collecting attorneys are subject to the FDCPA, except to the limited extent formal pleadings are [specifically] exempt[ed]. . . ." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 299 (11th Cir. 2015). Whether the attorney's communication constitutes debt collection activity under the FDCPA depends on the specific language used in the communication. This Court held that a pre-suit letter was debt collection activity where it could " 'exhibit a tangible pressure upon the recipient' to pay but suggesting that [he or she] cure the default and avoid additional costs and fees." *Randerson v. Taylor Hayden, PLLC*, No. 8:15-CV-615-T-30TBM, 2015 WL 4429354, at *4 (M.D. Fla. July 20, 2015) (holding that the pre-suit letter plausibly constituted debt collection activity where it: (1) informed the plaintiff that the mortgage was in default; (2) itemized the mortgage debt; (3) warned that the total amount may increase due to additional interest, late charges, costs and attorneys' fees; and (4) offered a way to get updated figures if the debtor wanted to pay off the loan). The Eleventh Circuit has found a letter to constitute a communication in connection with the collection of a debt where the letter contained only fleeting discussion of a lawsuit and stated it was for the purpose of collecting a debt, discussed collection efforts, stated collection efforts would continue, discussed accruing fees, stated the amount of debt and that certified funds were required to pay the debt, gave the name of the creditor, and provided the attorneys' contact information in connection with a discussion of payments. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014).

Here, the Pay-Off Demand letter explicitly states that since the firm "may be considered 'debt collectors,' you should proceed on the assumption and with the understanding that THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Doc. 7-1 at 1, 7. The letter provides an itemized list of amounts due, states that the amount may change due to interest, and provides a way to seek updated figures and pay off the loan. *Id.* The letter indicates that the foreclosure proceedings would not be delayed or dismissed while RAS awaited Plaintiffs' "payment in full," and discussed what RAS would do if payment was received after a judgment had been entered or a foreclosure sale set. *Id.* The letter states "payment must be made by wire transfer" to RAS. *Id.* at 4, 10. These factors are sufficient for the Pay-Off Demand to constitute debt collection activities. *See Caceres*, 755 F. 3d at 1303.

### 2. Act or Omission Prohibited by the FDCPA

RAS also argues that Plaintiffs fail to state a claim under the FDCPA because they do no more than recite the elements of a claim under the FDCPA without specifying what act or omission by RAS violated what law or agreement. Doc. 13 at 5. More specifically, RAS argues that two letters contained in the Pay-Off Demand contain 15 and 12 different "amounts due" grouped by category and Plaintiffs do not allege which "amounts" contained in the letters violated the FDCPA, either by category or dollar amount, because the terms used in the Amended Complaint do not exactly match those found on the letters. Doc. 13 at 5.

The Amended Complaint lists what charges Plaintiffs allege violated the FDCPA, including: (1) overstated and overinflated late fees and escrow amounts (Doc. 7 ¶¶ 12, 43, 91), and (2) attorneys' fees and court costs from a prior foreclosure case in which the lender was not the prevailing party (*id.* ¶¶ 12, 44, 92). The description of charges on the first letter lists

7

"accumulated late charges" of $486.66, "escrow deficits" of $16,539.79, "litigation fees" of $430.00, "attorney's fees" of $2,415.00, and "attorney's fees paid to prior counsel" of $11,075.00. Doc. 7-1 at 3. The description of charges on the second letter lists the same amount of accumulated late charges, litigation fees, attorney's fees, and attorney's fees paid to prior counsel, but lists nothing for escrow deficits. *Id.* at 9. RAS argues that because "late fees," the allegation contained in the Amended Complaint, does not match "accumulated late charges," the term used in the Pay-Off Demand letter, and because "escrow amounts" does not match "escrow deficits", RAS cannot determine what amounts Plaintiffs are challenging. Doc. 13 at 5. RAS' argument is without any merit. The Amended Complaint and attachments clearly specify which amounts Plaintiffs alleged should not have been charged and RAS' argument is no more than an argument in semantics.

RAS further contends that Plaintiffs failed to identify which "applicable law" or "underlying agreement" forms the basis of their theory of recovery because the Amended Complaint states that the amounts are "either overstated, overinflated, illegal, and/or otherwise not permitted by applicable law and/or the underlying agreement between the parties to charge such illegal and improper amounts . . . ." *Id.* at 13 (citing Doc. 7 ¶ 11). In the Amended Complaint, Plaintiffs identify several sections of the FDCPA Counts III and VII, specifically sections 1692e(2) and (10), and 1692f(1), which are quoted above. Doc. 7 ¶¶ 45-46, 93-94. Plaintiffs state that Defendants' actions, specifically the request for payment of the identified amounts in the Pay-Off Demand, are a violation of these provisions. *Id.* ¶¶ 43-46, 91-94. Although the Court agrees that the Amended Complaint is not the picture of clarity, Rule 8 requires only that Plaintiffs allege sufficient factual matter to state a plausible claim to relief, which Plaintiffs did. Accordingly, the Court will deny RAS' Motion to Dismiss the FDCPA counts for failure to state a claim.

### B. FCCPA

Counts IV and VIII are claims under the FCCPA. The FCCPA is "an analogue to the FDCPA" that "provides similar and additional protections for consumers in Florida." *Cedre v. Rushmore Loan Mgmt. Servs., LLC*, No. 6:17-cv-511-Orl-37KRS, 2018 WL 7284657, at *2 (M.D. Fla. Jan. 19, 2018). The FCCPA states, in pertinent part, that "[i]n collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. Additionally, the FCCPA contains a civil remedy provision that allows debtors to "bring a civil action against a person violating the provisions of s. 559.72 . . . ." *Id.* § 559.77(1). The FCCPA further states that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." *Id.* § 5599.77(5).

As RAS did with respect to Plaintiffs' FDCPA claims, RAS moves to dismiss the FCCPA claims for failing to specifically allege what amounts were violative of the statute, and in what way collection of these amounts was improper. Doc. 13 at 6. As with the FDCPA claims, the Court finds Plaintiffs' allegations, which include citations to a specific provision of the FCCPA and specific amounts, are sufficient to state a claim under Rule 8. Doc. 7 ¶¶ 54-58, 103-106. Accordingly, the Court will deny RAS' Motion to Dismiss Plaintiffs' FCCPA claims on the basis of failure to state a claim.

### C. Litigation Privilege

RAS argues that Plaintiffs' FCCPA claims must be dismissed with prejudice because they are barred by Florida's litigation privilege. Doc. 13 at 9-11. More specifically, RAS argues that

the Pay-Off Demand letter was sent during the course of the foreclosure action, that RAS sent the letter in its role as counsel for the lender, and the letter repeatedly mentions the foreclosure action. *Id.* at 11. Because of this, RAS argues that the Pay-Off Demand is related to a judicial proceeding and falls within the scope of Florida's litigation privilege. *Id.*

The Florida Supreme Court recognizes the principle of the litigation privilege, which affords absolute immunity to acts occurring during the course of a judicial proceeding as long as the act has some relation to the proceeding. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So.2d 606 (Fla. 1994)). "This litigation privilege applies to violations of Florida state statutes, but does not apply to violations of federal statutes, such as the FDCPA." *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1241-42 (M.D. Fla. 2019). Additionally, "[t]he privilege applies to conduct that occurs during settlement negotiation." *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1330 (M.D. Fla. 2009).

"[C]ourts have held that [the litigation] privilege bars FCCPA claims based upon documents related to an underlying foreclosure," but have also stated that "whether a reinstatement letter is substantially related to foreclosure proceedings is less clear." *Meyer*, 385 F. Supp. 3d at 1242 (citing *Mansorrian v. Brock & Scott, PLLC*, No. 8:18-cv-1876-T-33TGW, 2018 WL 6413484, at *6 (M.D. Fla. Dec. 6, 2018)). Moreover, "because the litigation privilege constitutes an affirmative defense, it 'should ordinarily be asserted in a responsive pleading and considered after the facts are developed on summary judgment or at trial." *Id.* (quoting *Mansorrian*, 2018 WL 6413484, at *6). However, the litigation privilege may be considered on a motion to dismiss "when the complaint affirmatively and clearly shows the conclusive applicability of the defense to

bar the action." *Id.* (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004)).

Here, the Court cannot determine the Pay-Off Demand letter's connection to the litigation on a Motion to Dismiss. Plaintiffs requested the information, meaning that RAS may never have sent it on its own accord in connection with the foreclosure action. RAS was not exercising its judgment in prosecution of the mortgage foreclosure proceedings, but was simply responding to Plaintiffs' request for information regarding the loan. Accordingly, the Court will deny RAS' Motion to Dismiss Plaintiffs' FCCPA claims based on the litigation privilege, without prejudice to RAS raising this argument at the summary judgment stage of this proceeding. Accordingly, it is

**ORDERED**:

1. Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss Plaintiffs Lazarito Godoy and Modi L. Otero Perez's Amended Complaint (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 5, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any